# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00741-CR
## NO. 03-10-00799-CR

**Sylvester Kendre Brown, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 66704 & 66265, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, Sylvester Kendre Brown, entered an open plea of guilty in cause number 66704 to the first degree felony offense of possession with intent to deliver a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a) (West 2010). At the same time, Brown entered an open plea of guilty in cause number 66265 to the second degree felony offense of possession a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a) (West 2010). After a hearing on punishment, the trial court found Brown guilty of both offenses and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 12 years in each case, ordering the sentences to run concurrently.

In each case, Brown's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Brown's counsel sent Brown copies of the briefs along with a letter advising Brown of his right to examine the appellate records and file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed in either case.

We have conducted an independent review of both records, including appellate counsel's briefs and the evidence presented at the punishment hearing, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the records present no arguably meritorious grounds for review and the appeals are frivolous. Counsel's motions to withdraw are granted. The judgments of conviction are affirmed.[1]

---

[1] From a supplemental clerk's record filed in 03-10-741-CR, we note that the trial court entered a *nunc pro tunc* judgment in cause number 66704 deleting the order for repayment of court-appointed attorney's fees. Had the trial court not done so, we would have been compelled to modify the judgment before affirming Brown's conviction and sentence in that case. *See Nelson v. State*, No. 03-11-00022-CR, 2011 WL 5504935, at *2 (Tex. App.—Austin Nov. 9, 2011) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees from judgment before affirming conviction in frivolous appeal under *Anders*); *see also Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (when evidence does not support order to pay attorney's fees, proper remedy is to delete order). The judgment in cause number 66265 contains no order for the repayment of court-appointed attorney's fees and thus requires no modification by this Court or entry of a *nunc pro tunc* judgment by the trial court.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed:   July 18, 2012

Do Not Publish